[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14585
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00044-RWS-JCF-1


UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

FREDERICK W THOMAS,

                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 4, 2013)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

      Frederick Thomas appeals his 60-month sentence, after pleading guilty to one count of conspiracy to possess an unregistered explosive device, in violation of

18 U.S.C. § 371. On appeal, he argues that the district court incorrectly applied a 12-level enhancement to his offense level under U.S.S.G. § 3A1.4(a), based on a finding that he intended to promote a federal crime of terrorism.

Thomas's admissions in his plea agreement and during his plea colloquy, as well as undisputed facts in the pre-sentence investigation report ("PSI") detailed at length how Thomas conspired with a co-defendant to assault federal agents. Specifically, during his plea colloquy, Thomas agreed with the district court's assessment that he conspired to obtain a destructive device for the purpose of mounting attacks on federal employees and buildings. The PSI stated that Thomas discussed plans to assassinate named government officials at multiple meetings, and conducted reconnaissance of two government buildings in Atlanta, Georgia. At sentencing, the government argued that the federal crime of terrorism Thomas intended to promote was the killing of federal officials and the bombing of a federal facility, in violation of 18 U.S.C. § 1114.

On appeal, Thomas raises two points. First, he argues that, since his offense of conviction did not fall under one of the specifically enumerated offenses for a federal crime of terrorism in 18 U.S.C. § 2332b(g)(5)(B), the district court erred by not explicitly stating on the record both the federal crime of terrorism he intended to promote, and the facts that led it to that conclusion. Second, Thomas challenges,

2

as unsupported, the court's conclusion that his offense was intended to promote a federal crime of terrorism.

With respect to Thomas's claim that the district court failed to make sufficient factual findings, we generally review all sentences under a deferential abuse-of-discretion standard. *United States v. Livesay,* 525 F.3d 1081, 1090 (11th Cir. 2008). Here, we find no error. The district court's findings, coupled with the rest of the record below, are sufficient to provide for a meaningful review of Thomas's sentence. *See Gall v. United States*, 552 U.S. 38, 56, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007).

While the district court did not explicitly accept the government's argument that Thomas intended to promote the attack of federal agents and buildings, in violation of 18 U.S.C. § 1114, it did so implicitly, based on Thomas's admission, in his plea agreement and during his plea colloquy, that he obtained explosives "to assault federal agents" and "for the purpose of attacking federal employees and buildings." We note that the district court also adopted the findings and conclusions of the PSI, which served as a basis for its own factual findings. In so doing, the court explained some of its general reasoning, weighing its hesitation to label everyone a terrorist, with its concerns that arose once Thomas's discussions materialized into obtaining dangerous materials. While not highly detailed, the

district court's findings, provide a sufficient factual basis for us to review the application of the enhancement.

With respect to Thomas's claim that the district court clearly erred in applying his terrorism enhancement, we review a challenge to the application of the Sentencing Guidelines as a mixed question of law and fact, in which the district court's findings of fact are reviewed for clear error, while its application of the Guidelines to those facts is reviewed *de novo*. *United States v. Jamieson*, 202 F.3d 1293, 1295 (11th Cir. 2000). Where a fact pattern gives rise to two reasonable and different constructions, the district court's choice between them cannot be clearly erroneous. *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

Section 3A1.4 of the United States Sentencing Guidelines provides for a 12-level enhancement "[i]f the offense is a felony that involved, or *was intended to promote*, a federal crime of terrorism." U.S.S.G. § 3A1.4(a) (emphasis added). Application Note 1 states: "[f]or purposes of this guideline, 'federal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5)." U.S.S.G. § 3A1.4, comment. (n.1). Section 2332b(g)(5) defines the term "federal crime of terrorism" as an offense that "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," and that is a violation of a list of enumerated criminal statutes, including

4

killing or attempting to kill officers and employees of the United States under § 1114. 18 U.S.C. § 2332b(g)(5)(A)-(B).

To date, we have construed U.S.S.G. § 3A1.4 in relation to a defendant's felony conviction that, while not an enumerated offense under 18 U.S.C. § 2332b(g)(5)(B), involved or was intended to promote a federal crime of terrorism, in one case, *United States v. Mandhai*, 375 F.3d 1243 (11th Cir. 2004). In *Mandhai*, upon affirming the district court's imposition of a 12-level terrorism enhancement pursuant to § 3A1.4, we held that "[h]ad the Guideline drafters intended that § 3A1.4 apply only where the defendant is convicted of a crime listed in 18 U.S.C. § 2332b(g)(5)(B), they would have included such limiting language. Instead, they unambiguously cast a broader net by applying the enhancement to any offense that 'involved' or was 'intended to promote' a terrorism crime." *Id.* at 1247-48. "Under a plain reading, the phrase 'intended to promote' means that if a goal or purpose was to bring or help bring into being a crime listed in 18 U.S.C. § 2332b(g)(5)(B), the terrorism enhancement applies." *Id.* at 1248.

We conclude that the district court did not err in applying the 12-level enhancement under U.S.S.G. § 3A1.4(a), because there was ample evidence presented at various stages to support its finding that Thomas intended to promote a federal crime of terrorism. While Thomas's offense of conviction was not an enumerated federal crime of terrorism, *see Mandhai*, 375 F.3d at 1248, the record

indicated that his conspiracy to possess an explosive device was intended to promote the killing or attempted killing of officers and employees of the United States, in violation of § 1114, an enumerated offense under 18 U.S.C. § 2332b(g)(5)(B). While Thomas argued that he planned to use the materials for defensive purposes, the undisputed facts presented in his plea agreement, the plea colloquy, and the PSI confirmed that after a series of meetings culminating in the purchase of explosives and silencers, Thomas's goal or purpose was not defensive, but rather, to assault or attack federal employees and federal facilities. Where a fact pattern gives rise to two reasonable and different constructions, we will not second guess the district court's choice between them. *See Almedina*, 686 F.3d at 1315. Accordingly, we affirm Thomas's sentence.

Finally, after noticing an error in the judgment *sua sponte*, we may "vacate the judgment and remand the case to the district court for entry of a judgment" if the error in the judgment is considered "a clerical error, and the correction of the judgment would not prejudice the defendant in any reversible way." *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999).

Because the district court's final judgment identified only 26 U.S.C. §§ 5861(d) and 5871 as the laws Thomas violated, we vacate and remand to the district court for the limited purpose of correcting the judgment and commitment

order to specifically reflect the statutory basis underlying the offense of which Thomas was adjudicated guilty, 18 U.S.C. § 371.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**